UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. NICHOLSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV1325 TCM |
| | ) |
| IAN WALLACE,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and his motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As such, petitioner's motion to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915. However, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. See 28 U.S.C. § 2254, Rule 2(a). Ian Wallace, Warden of the Southeast Correctional Center, is the proper respondent.

**The Petition**

On August 5, 2009, petitioner plead guilty to burglary in the second degree and theft/stealing of a firearm. He was sentenced to a seven-year term of imprisonment, in addition to a five-year term of imprisonment, to be served consecutively. On that same date, petitioner also plead guilty to a separate charge of property theft. He was sentenced to a separate term of five-years on that charge, to run concurrently with the twelve years he was given in the other case. See State v. Nicholson, Case Nos. 09CF-CR00475-01 and 09CF-CR00474-01. Petitioner did not appeal his sentence, and he failed to file a timely motion pursuant to Mo. R. Crim. P. 24.035 (Correction of Conviction After Guilty Plea). Petitioner, currently incarcerated at Southeast Correctional Center, filed the instant petition on July 17, 2012.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) expired on or about August 15, 2010. In addition, none of the circumstances listed in § 2244(d)(1)(B)-(D) apply to the instant petition. As a result, the petition appears to be untimely, and petitioner will be required to show cause why his petition should not be dismissed as time-barred pursuant to § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this petition as <u>Michael R. Nicholson v. Ian Wallace</u>.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 13th day of August, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE