UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. NICHOLSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:12CV1325 TCM |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the record. On August 13, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred. Petitioner has failed to file a response to the Order to Show Cause, and his time for doing so has passed. After review of the entire record before the Court, petitioner's application for writ of habeas corpus will be denied and dismissed as time-barred.

**The Petition**

On August 5, 2009, petitioner plead guilty to burglary in the second degree and theft/stealing of a firearm. He was sentenced to a seven-year term of imprisonment, in addition to a five-year term of imprisonment, to be served consecutively. On that same date, petitioner also plead guilty to a separate charge of property theft. He was sentenced to a separate term of five-years on that charge,

to run concurrently with the twelve years he was given in the other case. See State
v. Nicholson, Case Nos. 09CF-CR00475-01 and 09CF-CR00474-01. Petitioner did
not appeal his sentence, and he failed to file a timely motion pursuant to Mo. R.
Crim. P. 24.035 (Correction of Conviction After Guilty Plea). Petitioner, currently
incarcerated at Southeast Correctional Center, filed the instant petition on July 17,
2012.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). As a result, the one-year period of limitations under § 2244(d)(1)(A) expired on or about August 15, 2010. In addition, none of the circumstances listed in § 2244(d)(1)(B)-(D) apply to the instant petition. As a result, the petition is untimely and will be dismissed as time-barred pursuant to § 2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS TIME-BARRED**. Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability in this action.

A separate Judgment will accompany this Memorandum and Order.

Dated this  5   day of October, 2012.

                                                            _____
                                                            RODNEY W. SIPPEL
                                                            UNITED STATES DISTRICT JUDGE